UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONROE WRIGHT EL TRIBE,

                Plaintiff,

v.

MICHIGAN RECON, INC.

                Defendant.
_____/

Case No. 14-13754

Paul D. Borman
United States District Judge

OPINION AND ORDER:
(1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT
WITHOUT PREPAYMENT OF FEES OR COSTS (ECF NO. 2);
(2) DISMISSING THE COMPLAINT PURSUANT TO
28 U.S.C. § 1915(e)(2)(B) (ECF NO. 1);
(3) DENYING AS MOOT PLAINTIFF'S "EMERGENCY INJUNCTION/MOTION TO STAY
UNTIL DISPOSITION OF THE CASE" (ECF NO. 4);
(4) DENYING AS MOOT PLAINTIFF'S REQUEST FOR
SERVICE BY U.S. MARSHAL (ECF NO. 3); AND
(5) DENYING AS MOOT PLAINTIFF'S "MOTION TO DISMISS UNDER RULE 12(b) FOR
IMPROPER VENUE" (ECF NO. 6)

The matter now before the Court is Plaintiff Monroe Wright El Tribe's "Application to proceed in District Court without Prepayment of Fees or Costs" and Request for Service by U.S. Marshal. (ECF Nos. 2, 3). This is the second complaint plaintiff has filed in this district against the identical Defendant, Michigan Recon, Inc., the first having been filed on September 23, 2014. The previous case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *See Monroe Wright El Tribe v. Michigan Recon, Inc*., Case No. 14-13673.

In the instant complaint, Plaintiff Monroe Wright El Tribe is described as a trust and the trustee is named as "Juan Monroe Wright, TTEE sui juris". (Compl. at 1). Plaintiff's county of residence is listed as "Wayne De Jure est. 1796". (*Id*.). Defendant Michigan Recon Inc. is

alleged to be a Oakland County resident. (*Id*.). Plaintiff styles his complaint a federal question regarding a "tort to land" and it appears to be related to judgment of possession rendered against Plaintiff regarding 9446 Outer Drive (the "Property") from the 36th district court, case number 14-322584.

Plaintiff's present action was filed on September 30, 2014 and is difficult to decipher. To the extent this Court can comprehend its allegations, Plaintiff appears to seek the dismissal of a state court case for lack of jurisdiction due to the fact that the Plaintiff trust holds the Property for a "foreign state", known as Monroe Wright El Tribe, for use by its diplomats. (Compl. at 1-2). Plaintiff appears to rely upon the Vienna Convention, 28 U.S.C. §§ 1604, 1609 and Article 1, § 8 of the Constitution as a basis for this Court's jurisdiction.

For the reasons that follow, the Court will grant Plaintiff's Application to Proceed without Prepayment of Fees or Costs but will dismiss the Complaint, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and also for lack of jurisdiction. The Court further denies as moot Plaintiff's "Emergency Injunction/Motion to Stay until Disposition of the Case", denies as moot Plaintiff's request for service by U.S. Marshal, and also denies as moot Plaintiff's "Motion to Dismiss under Rule 12(b) for Improper Venue".

I.   Proceeding without Prepayment of Fees

Pursuant to 28 U.S.C. § 1915(a)(1), a court may allow commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." In the instant action, Plaintiff has supplied an affidavit which provides that he is unemployed, has no savings or current income, but does indicate that Plaintiff has a "principal place of administration" that is valued at

approximately $20,000.00. (ECF No. 2). Based on this information the Court will grant Plaintiff's Application to Proceed without Prepayment of Fees or Costs.

However, the Court is also required under 28 U.S.C. § 1915 to dismiss a complaint filed without prepayment of fees that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The United States Court of Appeals for the Sixth Circuit has explained:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2). ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of the section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)). An action must be dismissed as frivolous when "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Under § 1915(e), courts may dismiss a complaint not only when it is "based on an indisputably meritless legal theory" but also when the "factual contentions [on which it relies] are clearly baseless." *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) (quoting *Neitzke*, 490 U.S. at 327). A complaint that is legally frivolous "*ipso facto*" fails to state a claim upon which relief can be granted. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) (citing *Neitzke*, 490 U.S. at 328-29). Therefore, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is factually frivolous when the claims are "indisputably meritless" and "a judge does not have to accept 'fantastic or delusional' factual allegations as

3

true". *Id*. (citations omitted).

In applying these standards, the Court must liberally construe the *pro se* litigant's complaint and hold it to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) ("[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted.").

II.     Removal

It appears that Plaintiff is attempting to remove a case from Michigan's 36th district court. However, Plaintiff's removal is improper as the Plaintiff failed to follow the statutorily mandated procedures for removal by failing to file a copy of all the process, pleadings, and orders from the state court action. *See* 28 U.S.C. § 1446(a). Further, nothing in the complaint or the attachments indicate that Plaintiff gave notice to the adverse party in that action or filed a copy of a removal notice with the clerk of the 36th district court. Accordingly, the removal is not effective. *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice ... The defendant or defendants shall give written notice thereof to all adverse parties and shall filed a copy of the notice with the clerk of such State court, which shall effect the removal..."). Additionally, as discussed further below, it is unclear if Plaintiff was even a party in the state court case it seeks to remove.

III.    Plaintiffs' Complaint is Frivolous

The Court finds that Plaintiff's complaint is factually and legally frivolous. Plaintiff's claim that it holds the Property at issue for the fictional foreign state known as "Monroe Wright El Tribe" is "clearly delusional". *See Hill*, 630 F.3d at 471 (citation omitted). Plaintiff provides

in its complaint and attachments that Monroe Wright El Tribe, allegedly affiliated with the United Commonwealth of Moors was established by mailing "Minister John Kerry/Pres. Barack Obama" a notice declaring the same. *See Belle v. FBI*, 46 F. App'x 326 (6th Cir. 2002) (finding that allegations that plaintiff was a victim of a conspiracy among the President of the United States, Osama bin Laden, the Supreme Council of the World was delusional within the meaning of section § 1915(e)(2)).  Additionally, Plaintiff's legal claim is "indisputably meritless" where its legal claims hinge its assertion that it is not subject to a state court's judgment of possession because of international treaties and the application of the Vienna Convention based on its status as a foreign state.

Accordingly Plaintiff's complaint must be dismissed pursuant to § 1915(e)(2).

IV.     Lack of Subjection Matter Jurisdiction

Moreover, Plaintiff's complaint fails because even if Plaintiff's claims weren't completely frivolous this Court lacks subject matter jurisdiction over those claims.  A lack of subject matter jurisdiction can and should be raised by a court *sua sponte. See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (citations omitted); *see also* FED. R. CIV. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Here, it appears that Plaintiff seeks to have this Court review a state court's decision and render that decision "null and void" because of a "conflict of laws". (*See* Compl. at 2).  Plaintiff cites the Article 1, § 8 of the United States Constitution to support his claim. (ECF No. 4, Ex. D).

However, pursuant to the *Rooker-Feldman* doctrine[1], federal courts, other than the United States Supreme Court, are prohibited from exercising "appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are 'inextricably intertwined' with issues decided in state court proceedings." *Executive Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004) (citations omitted). The Supreme Court has explained that the *Rooker-Feldman* doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments ... and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

It is unclear who the parties are in the underlying state action. Plaintiff fails to provide any of the state court pleadings or provide the state court's caption but does state that the case number is 14-322584 and that the case was filed in the 36th district court. However, in Plaintiff's recently filed motion which additionally requests that this Court dismiss the state court action for "improper venue", Plaintiff states the state court action to be dismissed is in the 3rd Judicial Court and provides a different case number, 14-012353. (ECF No. 6). Moreover, Plaintiff's motion to dismiss is inexplicably directed towards a defendant named "Franz John Ivezaj" rather than "Michigan Recon, Inc.". (*Id*.).

Broadly construing the complaint and assuming that Plaintiff was in fact a party in the state court judgment, it is clear that Plaintiff seeks relief from an injury caused by a state court judgment, apparently a judgment of possession related to an eviction or foreclosure. This is

---

[1] The *Rooker-Feldman* doctrine is named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

substantiated by Plaintiff's allegation that its title is superior to that of Defendant Michigan Recon, Inc.'s title and also its statement that "Monroe Write El Tribe was never served a notice to Quit. Fraud upon the court (36th d) [sic] was the result of the possession judgment of the lower court. It is null and void, lower courts lacks S.M.J. ... Just compensation for the taken [sic] of the private property of the Monroe Wright El Tribe trust if lower court's judgement [sic] in favor of Defendant stands, or Ruling all lower court's decisions null and void against the Monroe Wright El Tribe due to the conflict of laws." (Compl. at 2).

Accordingly, pursuant to the *Rooker-Feldman* doctrine the Court lacks jurisdiction to review a state court judgment based on allegations that the judgment offends the Constitution and the case must be dismissed.

V. Conclusion

For all these reasons, the Court:

(1) GRANTS Plaintiff's Application to Proceed without Prepayment of Fees or Costs (ECF No. 2);

(2) DISMISSES Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (ECF No. 1);

(3) DENIES as moot Plaintiff's "Emergency Injunction/Motion to Stay until Disposition of the Case" (ECF No. 4);

(4) DENIES as moot Plaintiff's request for service by the U.S. Marshal (ECF. No. 3); and

(5)  DENIES as moot Plaintiff's "Motion to Dismiss under Rule 12(b) for Improper Venue".

SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated:  November 3, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 3, 2014.

s/Deborah Tofil  
Case Manager